I would affirm the judgment of the trial court on all issues; therefore, I respectfully dissent from that portion of the majority's opinion reversing the trial court and remanding this cause for the trial court to take further action.
The majority says that the trial court abused its discretion by not reserving the right to order periodic alimony in the future, and it reversed the trial court on that issue. The majority says that the trial court apparently failed to adequately consider the wife's potential earning capacity as compared to the husband's. However, the majority also finds that the trial court did not abuse its discretion in not awarding periodic alimony at the outset.
The record shows that the wife is attending college classes in order to further her education. It is possible that the trial court determined that, as a result of her furthering her education, the wife may be able to earn a larger salary in the future. Additionally, the wife was awarded $22,000 as a property settlement. The trial court specifically reserved the issue of post-minority support.
After reviewing the evidence, I do not believe that the trial court's decision not to reserve the issue of periodic alimony rises to the level of abuse of discretion. The trial court is presumed to know and follow the law. The trial court could have had any number of reasons for not reserving this issue. The judgment of the trial court should be affirmed absent a clear abuse of discretion. In reviewing the record in this case, I could find no clear abuse of discretion on the trial court's part. Therefore, I would affirm the trial court as to each issue presented in this case.